### BOWKER v. HAIGHT & FREESE CO. et al.

(Circuit Court, S. D. New York. May 26, 1906.)

WITNESSES—REFUSAL TO ANSWER QUESTIONS BEFORE MASTER—LIABILITY TO PUNISHMENT FOR CONTEMPT.

It is the duty of a witness being examined before a master in chancery to answer such questions as the master directs after objections thereto have been overruled, and for his refusal to do so he is subject to punishment for contempt, unless he himself makes some claim of personal privilege.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 37–41.]

On Motions to Require Witness to Answer Questions Before Master, and to Punish Him for Contempt for His Refusal.

Roger Foster and Wm. P. Maloney, for the motion.
Franklin Bien, opposed.

LACOMBE, Circuit Judge. This is a motion to require a witness who is being examined before the master to answer certain questions, and also to declare him to be in contempt for refusal to answer, and to punish him for such contempt. The objections to the questions are all, in substance, on the ground of incompetency, irrelevancy, or immateriality. The objections were overruled, and the master directed the witness to answer, whereupon the defendant company reserved its rights by duly recorded exceptions. It was then the duty of the witness to answer; nevertheless, he remained silent. He should answer questions 305, 319, 322, and 400.

As to the motion to punish for contempt, the witness is evidently ig-

norant of his duty when under examination, apparently supposing that he is to answer or remain silent as his counsel may elect. For that reason no penalty will now be imposed, but he should take notice that as a witness it is his duty to answer such questions as the court may direct him to answer, and that on the hearing where he is being examined the master sits as a court, with power to rule upon all objections. Should this witness hereafter decline to answer questions which the master directs him to answer, he will run the risk of being adjudged in contempt, and punished by fine or imprisonment, unless to such question he may himself interpose some personal privilege which would excuse his refusal. Council for the receivers will see to it that such witness is served with a copy of this opinion, so that in the case of future contumacy there may be no appeal to the clemency of the court on any theory that he was ignorant of his rights and duties, or supposed that advice of counsel would protect him.